Rowland v. State.

feel that the judgment can not be affirmed without wholly disregarding the judgment of the Supreme Court in that case, and this, of course, we are not at liberty to do.

We also feel that it would be idle to reverse the judgment and remand the case for further proceedings, but that our plain duty is to follow the example of the Supreme Court and reverse this judgment for error in overruling the motion for a new trial, and enter final judgment for the plaintiff in error, which will be the order.

WINCH and HENRY, JJ., concur.

---

## INTOXICATING LIQUORS

[Lorain (8th) Circuit Court, April 30, 1908.]

Winch, Henry and Marvin JJ.

*THAD H. ROWLAND v. STATE.

1. **Necessary Averments to Impeach Sale of Intoxicating Liquor on Prescription.**
   In the prosecution of a druggist for violating the municipal local option law of 1902 (95 O. L. 87), it is not sufficient to charge that he sold intoxicating liquor upon a written prescription and that the sale was not made by him in good faith for medicinal purposes, without alleging that it was known to him that the liquor would be used for other than the purpose the prescription called for, or some other fact tending to show that it was not sold in good faith.
2. **Repeating Prescription for Intoxicating Liquor.**
   In such a case, where the charge is that the druggist sold the liquor upon a prescription which had been used before, it must also be stated that he knew the prescription had been used before and liquor obtained upon it.
3. **Failure to Cancel Prescription.**
   In such a case, where the druggist is charged with failure to cancel the prescription upon its first use, it must be stated that it was first used with him.
4. **Act 95 O. L. 87, Municipal Local Option Law, Held Constitutional.**
   The municipal local option law of 1902 (95 O. L. 87), is constitutional.

## MARVIN, J.

Rowland was prosecuted before the mayor of the village of Oberlin upon charges made in an affidavit, to which particular

---

*Affirmed no opinion, *Rowland* v. *State*, 80 Ohio St. 711.

attention will be later given in this opinion. As a result of this prosecution he was found guilty and sentenced to pay a fine of $150.

Proceedings in error were prosecuted in the court of common pleas, resulting in an affirmance of the judgment of the conviction and sentence.

To this affirmance error is prosecuted in this court.

There are four charges in the affidavit; the first reads:

"*First.* That on or about the 6th day of August, A. D. 1907, in the village of Oberlin, Lorain county, Ohio, Thad H. Rowland being then and there a regular druggist, did then and there unlawfully sell intoxicating liquors to one Paul Long upon a written prescription. That the sale of intoxicating liquor by the said Thad H. Rowland was not then and there made in good faith for medicinal purposes, and that the selling of intoxicating liquor as aforesaid by the said Thad H. Rowland was then and there prohibited and unlawful and contrary to an act passed April 3, 1902 (95 Ohio Laws, p. 87), known as the Municipal Local Option law, and against the peace and dignity of the state of Ohio."

On the part of the plaintiff in error it is urged that no facts are here stated which constitute an offense under the laws of Ohio. The affidavit sets out the holding of an election under the statute of 1902, in the village of Oberlin, resulting in favor of prohibiting the sale of liquor within the municipality and then the charge as hereinbefore quoted.

Section 4364-20c R. S. (Secs. 6004 G. C. *et seq.*) makes exceptions in favor of druggists in these words:

"But nothing in this act shall be construed to prevent the selling of intoxicating liquors at retail by a regular druggist for exclusively known medicinal, pharmaceutical, scientific, mechanical or sacramental purposes; and when, sold upon written prescription issued, signed and dated in good faith by a reputable physician in active practice and the prescription used but once."

How it can be claimed that anything is set out in this charge which is in violation of the statute, it is difficult to understand. The language is that liquor was sold upon a written prescription, but that the sale was not made in good faith for medicinal purposes. It is not sufficient to say that the sale was not made in

Rowland v. State.

good faith, without some allegation that it was known to the seller that it would be used for other than the purpose the prescription called for, or some other fact tending to show that it was not sold in good faith. It is not sufficient to simply state the conclusion that it was not sold in good faith; so, as to this charge, we find that it does not set out facts that consttute an offense under the statute.

The third charge is in these words:

"That on or about the 8th day of August, A. D., 1907, in the village of Oberlin, Lorain county, Ohio, one Thad H. Rowland, being then and there a regular druggist, did then and there sell intoxicating liquor to one Paul Long, upon a prescription which had been used theretofore, and intoxicating liquor secured theretofore by the means of said prescription."

The charge here sought to be made is under the same statute. It will be noticed here that the charge is that the liquor was sold upon a prescription which had already been used.

The exception in favor of the druggist provides that the prescription shall be used but once, but there is nothing in the charge to indicate that Rowland had any knowledge that this prescription had ever been used, and intoxicating liquors obtained thereupon, so that everything in the charge may be true and Rowland be entirely innocent, for except he had knowledge that the prescription had already been used and liquor obtained upon it, surely it was not a crime in him to furnish liquor upon the prescription. The party using the prescription has a right to use it once. Except, that the druggist has knowledge that the prescription has already been used, it would be a great hardship to say that he should be punished for furnishing liquor upon it, and such was not the intention of the legislature.

The fourth charge is like the third, except that after averring that the liquor was sold upon a prescription which had been used theretofore, the words follow: "and was not canceled by the said Thad H. Rowland when said prescription was first used." It is provided by the act of February 23, 1906, under which this charge is made that a record shall be kept of the sales made, and that the prescription when used, shall be canceled, and a penalty is provided for failure to make such cancellation. However, in the charge now under consideration for aught that

appears it was some other person than Thad H. Rowland who should have canceled the prescription when it was first used. The allegation simply is that the liquor was furnished upon a prescripion which had before that time been used and that it was not canceled by Thad H. Rowland when it was used the first time.    But it could be said of a druggist who had never seen the prescription at all that it was not canceled by him just as well as to say that it was not canceled by Rowland.    Rowland may never have seen the prescription at all before this and still all that is contained in the charge be true.    We think that there is nothing in this charge showing a violation of the statutes of Ohio.

The second charge, however, in the affidavit is in these words:

"That on or about the 6th day of August, A. D. 1907, in the village of Oberlin, Lorain county, Ohio, in which village the sale of intoxicating liquor was then and there prohibited, one Thad H. Rowland, being then and there a retail druggist and pharmacist, did then and there sell intoxicating liquor upon prescription to one Paul Long; that the said Rowland did not then and there make any record in a book of said sale, as required by law."

This we hold, to be a distinct violation of the statute of February 23d, 1906, which provides that whenever a pharmacist or druggist sells liquor under a prescription, a record shall be kept of the sale in a book provided for that purpose.    Here the charge is distinctly made that the statute was violated.    Indeed this is not seriously denied by the plaintiff in error but it is urged that the statute is unconstitutional in that it, in effect, by the exception in favor of druggists and pharmacists, permits a license to be given to traffic in intoxicating liquors.    Without entering into a discussion of this question, we feel that though it is not free from doubt we are by no means clear that the constitution is infringed.    We have, in a case involving this question in Cuyahoga county, held the statute to be constitutional, and we understand that it has been so held in two of the other circuits of the state, and we have no information that it has ever been held otherwise.    We adhere to our former holding, therefore, that the statute is not in violation of the constitution.

Lees v. Kennedy.

The penalty imposed is, as has been stated, a fine of $150. This is not in excess of the fine allowed for the offense of failing to make record of the sale, as contained in the second charge. In the case of *Bailey* v. *State*, 4 Ohio St. 440, 444, the last clause of the syllabus reads:

"Where the defendant is found guilty on several distinct counts of the indictment, some of which are bad and some good, a judgment and sentence in general terms, on such a verdict, is not erroneous, provided the sentence be proper, and warranted by the laws applicable to the good counts."

The concluding part of the opinion in that case reads, at page 445:

"In the case before us, the judgment and sentence of the court would have been proper under either the third or the fifth count of the indictment, the sufficiency of either of which is unquestioned. Inasmuch, therefore, as the verdict was equivalent to a general verdict of guilty on the five first counts of the indictment, and the sentence was warranted by the law applicable to the offense charged in the good counts, the presumption of the law prevails that the court awarded judgment on the good counts."

It follows since the facts upon which the conviction was had are not before us, that the judgment of affirmance in the court of common pleas must be affirmed.

WINCH and HENRY, JJ., concur.